**Case No. 12-17668**

---

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

BEVERLY SEVCIK, et al.

*Plaintiffs-Appellants*,

v.

BRIAN SANDOVAL, et al.,

*Defendants-Appellees*,

and

COALITION FOR THE PROTECTION OF MARRIAGE,

*Intervenor-Defendant-Appellee*.

---

On Appeal from the United States District Court
for the District of Nevada
Case No. 2:12-CV-00578-RCJ-PAL
The Honorable Robert C. Jones, District Judge.

---

## PLAINTIFF-APPELLANTS' MOTION FOR
## EXTENSION OF TIME TO FILE OPENING BRIEF

---

Jon W. Davidson
Tara L. Borelli
Peter C. Renn
Shelbi Day
LAMBDA LEGAL
  DEFENSE AND
  EDUCATION FUND, INC.
3325 Wilshire Blvd.,
  Ste. 1300
Los Angeles, CA 90010
Tel.:  (213) 382-7600

Carla Christofferson
Dawn Sestito
Melanie Cristol
Rahi Azizi
O'MELVENY &
  MYERS LLP
400 S. Hope St.
Los Angeles, CA 90071
Tel.:  (213) 430-6000

Kelly H. Dove
Marek P. Bute
SNELL & WILMER LLP
  3883 Howard Hughes
  Parkway, Ste. 1100
Las Vegas, NV 89169
Tel.:  (702) 784-5200

**Attorneys for Plaintiffs-Appellants**

## INTRODUCTION

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Rule 31-2.2(b) of the Rules of the Ninth Circuit Court of Appeals, Plaintiffs-Appellants Beverly Sevcik and Mary Baranovich, Antioco Carrillo and Theodore Small, Karen Goody and Karen Vibe, Fletcher Whitwell and Greg Flamer, Mikyla Miller and Katrina Miller, Adele Terranova and Tara Newberry, Caren Cafferata-Jenkins and Farrell Cafferata-Jenkins, and Megan Lanz and Sara Geiger respectfully move this Court for a 30-day extension of time to file their opening brief, which is currently due on September 18, 2013.

Plaintiffs-Appellants are eight committed same-sex couples challenging the constitutionality of Nevada state and local officials' refusal to allow them to marry, or to recognize the valid marriages some of them have entered in other jurisdictions.  This case involves a number of issues closely related to those in *Jackson v. Abercrombie*, Case Nos. 12-16995 and 12-16998,[1] a challenge to Hawaii's exclusion of same-sex couples from marriage that also is before this Court.  To promote economy and efficiency for the Court and the parties, Plaintiffs-Appellants previously requested that *Sevcik* and *Jackson* be set for

---

[1]     After two separate notices of appeal were filed by the non-prevailing parties in *Jackson v. Abercrombie*, and docketed as Case Nos. 12-16995 and 12-16998, the Court issued an order consolidating them.

1

briefing and be heard together, and the cases have since been on the same schedule over a series of stay and extension orders.

On August 20, 2013, the Plaintiffs-Appellants in *Jackson* and Defendant-Appellant Governor Neil S. Abercrombie (who is aligned with the Plaintiffs-Appellants) sought a 30-day extension of time to file opening briefs in both *Sevcik* and *Jackson*.  All parties to both cases were asked for their position on the motion, and no party opposed the request.  The extension was granted in *Jackson* on August 21, 2013.  Based on clarification from the Clerk's Office that the request for extension must be filed in *Sevcik* as well, Plaintiffs-Appellants respectfully request a parallel 30-day extension for their opening brief, which would extend the due date from September 18, 2013 to October 18, 2013.  This extension would help preserve arrangements previously made to promote judicial and party economy between the cases, including an order of this Court allowing *amicus curiae* briefs to be jointly filed in both cases.  Because the Defendants-Appellees in *Sevcik* were the prevailing parties below, none of them is prejudiced by the requested extension.

## PROCEDURAL BACKGROUND

Plaintiffs-Appellants filed suit in the U.S. District Court for the District of Nevada on April 10, 2012, seeking a declaration that their exclusion from marriage based on their sexual orientation and their sex violated federal constitutional

guarantees.  Plaintiffs-Appellants sought to permanently enjoin Defendants-Appellees Governor Brian Sandoval and three county clerks, all named in their official capacity, from denying same-sex couples (i) access to marriage, or (ii) for those couples who validly have married in another jurisdiction, recognition of their marriages.  The Coalition for the Protection of Marriage, a Nevada advocacy group that campaigned for the passage of Nevada's state constitutional amendment barring marriage for same-sex couples, was permitted to intervene as a Defendant-Intervenor.

On November 26, 2012, the District Court granted in part a motion to dismiss, granted summary judgment for Defendants, and denied Plaintiffs' motion for summary judgment, thus upholding Nevada's current exclusion of same-sex couples from marriage.  Plaintiffs-Appellants noticed this appeal on December 3, 2012, and *Sevcik* then reached this Court in posture similar to *Jackson*.  As in *Sevcik*, the Plaintiffs-Appellants in *Jackson* were the non-prevailing parties below after the trial court upheld Hawaii's exclusion of same-sex couples from marriage.  No substantive briefing had been filed in *Jackson* before *Sevcik* was appealed to this Court.

Because *Sevcik* and *Jackson* share a common core of closely related legal and factual issues, Plaintiffs-Appellants filed an opposed motion on December 11, 2012 asking the Court to (1) assign *Sevcik* and *Jackson* to the same merits panel

3

and set them for argument on the same day; (2) conform briefing in *Sevcik* to the schedule in *Jackson*; and (3) deem any *amicus* brief filed in either case as having been filed in both.  (Dkt. 7, No. 12-17668.)  On December 12, 2012, the Clerk issued an order construing Plaintiffs-Appellants' request as a motion to assign *Sevcik* and *Jackson* to the same merits panel.  (Dkt. 8, No. 12-17668.)  On January 7, 2013, the Clerk granted Plaintiffs-Appellants motion to have the cases heard before the same merits panel.  (Dkt. 11, No. 12-17668.)  Based on the Supreme Court's grant of *certiorari* in *United States v. Windsor*, 133 S. Ct. 2675 (2013) and *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013), the Clerk stayed both *Sevcik* and *Jackson* until April 1, 2013, and set the due date for opening briefs on May 1, 2013.  (*Id.*)  On January 24, 2013, the Clerk issued an order providing that *amicus curiae* briefs could be filed jointly in both cases.  (Dkt. 12, No. 12-17668.)

Intervenor-Defendant-Appellee in *Jackson* renewed its request for a stay in both *Jackson* and *Sevcik* on March 19, 2013.  (Dkt. 27, No. 12-16995).  The Clerk granted the request on March 26, 2013, staying both cases until July 18, 2013, and setting August 19, 2013 as the due date for opening briefs.  (Dkt. 13, No. 12-17668.)  On June 26, 2013, the Supreme Court issued decisions in *Windsor* and *Hollingsworth*.  Parties in both *Sevcik* and *Jackson* submitted streamlined 30-day extension requests for opening briefs, and the Clerk extended the due date in both cases to September 18, 2013.  (Dkt. 15, No. 12-17668; Dkt. 30, 32, No. 12-16995.)

On August 20, 2013, the Plaintiffs-Appellants in *Jackson* and Governor Abercrombie moved the Court for a 30-day extension for opening briefs in both *Jackson* and *Sevcik*. (Dkt. 33, No. 12-16995.) The request was based on the likelihood that the Hawaii legislature may convene for a special session to consider legislation that would allow same-sex couples to marry in the state, and potentially moot the appeal *Jackson*. (*Id.* at 1, 4.) As the motion indicated, all parties in *Jackson* and *Sevcik* had been consulted for their positions on the request for additional time in both cases, and no party objected. (*Id.* at 5-6.) On August 21, 2013, the Clerk extended the deadline for opening briefs in *Jackson* to October 18, 2013. (Dkt. 34, No. 12-16995.) Counsel in *Sevcik* received clarification from the Clerk's Office the same day that the extension request must be filed in *Sevcik* as well, and accordingly submit this motion for a parallel extension of their opening brief due date to October 18, 2013.

## ARGUMENT AND REQUEST FOR RELIEF

Plaintiffs-Appellants request this extension to keep *Sevcik* and *Jackson* on the same briefing schedule, which will significantly enhance economy and efficiency for the Court and the parties. For example, the extension would help effectuate the Court's prior order permitting *amicus* briefs to be filed jointly in both cases. (Dkt. 12, No. 12-17668.) Plaintiffs-Appellants sought that order because a significant number of *amicus* briefs are likely to be filed in both cases,

5

and allowing each *amicus* brief to be filed once for both cases – instead of two times for each case – would aid the Court and the parties by reducing largely duplicative filings. Denying Plaintiffs-Appellants' request will likely mean that *amici curiae* will either have to choose between preparing a joint brief that addresses both cases but that may ultimately be less focused and relevant for the Court if *Jackson* moots, or burdening the Court with duplicative briefs. Granting Plaintiffs-Appellants' request would thus help reduce inconvenience and redundancy for the Court and all parties.

No Defendant-Appellee is prejudiced by the request for a 30-day extension. Defendants-Appellees prevailed below, and their position – that same-sex couples should not be permitted to marry or be recognized as married in Nevada – remains the status quo. Because conforming the opening brief due dates in *Sevick* and *Jackson* would promote efficiency for the Court, the parties, and counsel for *amici curiae*, the motion should be granted.

### OPPOSING COUNSEL'S POSITION

Counsel for Plaintiffs-Appellants in *Jackson* consulted all Defendants-Appellees in this matter via email for their position on an extension in both *Sevick* and *Jackson*. The undersigned counsel in *Sevcik* was copied on each Defendant-Appellant's email response. As described further below, no Defendant-Appellant objected to the request for an extension in both cases:

1.    Counsel for Defendants-Appellees Governor Brian Sandoval, Clark County Clerk Diana Alba, Washoe County Clerk Amy Harvey, and Carson City Clerk-Recorder Alan Glover each indicated that their clients had no objection to the request for extension, or words to similar effect.

2.    Counsel for Defendant-Intervenor-Appellee Coalition for the Protection of Marriage indicated that it would not object to the request to extend the due date to October 18, 2013, but would object to any future request to extend the date further.

## CONCLUSION

For the reasons stated above, Plaintiffs-Appellants respectfully request that this Court grant them an 30 additional days to file their opening brief, up to and including October 18, 2013.

DATE:  August 22, 2013                    Respectfully submitted,

Carla Christofferson                          Jon W. Davidson
Dawn Sestito                                  Tara L. Borelli
Melanie Cristol                               Peter C. Renn
Rahi Azizi                                    Shelbi Day
Dimitri Portnoi                               LAMBDA LEGAL DEFENSE AND
O'MELVENY & MYERS LLP                         EDUCATION FUND, INC.

Kelly H. Dove                                 By:  s/ Tara L. Borelli
Marek P. Bute                                      Tara L. Borelli
SNELL & WILMER LLP
                                              Attorneys for Plaintiffs-Appellants

7

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 22, 2013.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Tara L. Borelli                                    .