**STEWART TAYLOR & MORRIS PLLC**
LAWYERS
12550 W. Explorer Drive, Suite 100
Boise, ID 83713
Telephone (208) 345-3333
Facsimile (208) 345-4461

Monte Neil Stewart
stewart@stm-law.com

Monte Neil Stewart
Craig G. Taylor
Thomas C. Morris
Daniel W. Bower
Gabriel M. Haws
Chad E. Bernards
Richard S. Bower
Ammon C. Taylor

November 11, 2014
(CORRECTED)
**Via CM/ECF Electronic Filing System and FedEx**

Chief Judge Alex Kozinski
Ninth Circuit Court of Appeals
Pasadena, California

    Re:    *Sevcik v. Sandoval*, Case No. 12-17668;
Appellee Coalition for the Protection of Marriage's pending Petition for Rehearing En Banc (Dkt. Nos. 274-1 and 274-2); public comments regarding the appearance-of-panel-packing issue

Dear Chief Judge Kozinski:

    This firm's client, appellee Coalition for the Protection of Marriage, filed in this case its pending Petition for Rehearing En Banc (Dkt. Nos. 274-1 and 274-2) on October 13, 2014. Among other things, the Petition demonstrated the appearance that the assignment of this case to its particular three-judge panel was not the result of a random or otherwise neutral selection process.

    An article in today's New York Times attributes to you comments on that appearance-of-panel-packing issue. *See* Adam Liptak, *Coalition Challenges Selection of Judges in Same-Sex Marriage Case*, NY Times, http://www.nytimes.com/2014/11/11/us/politics/after-court-loss-opponents-of-same-sex-marriage-challenge-selection-of-judges.html?emc=edit_th_ 20141111&nl=todaysheadlines&nlid=30331601&_r=0. We note in particular this language from the article:

> Until recently, though, the court used a different procedure for assigning cases on a fast track, like the marriage case. They were assigned to the available panel with the most senior presiding judge, said the Ninth Circuit's chief judge, Alex Kozinski. Judge Reinhardt, who was appointed by President Jimmy Carter, is one of the most

Chief Judge Kozinski
November 11, 2014
Page 2

      senior active judges and so was disproportionately likely to be the presiding judge.

      That procedure was changed [apparently after the assignment of this case to its three-judge panel] to ensure "more randomness," Ms. Catterson said.

      Chief Judge Kozinski said the court's staff had used a neutral principle [apparently the senior-presiding-judge principle] in assigning the expedited cases.

We note two facts relative to these comments. One, although the Ninth Circuit has detailed written guidelines for panel assignments (in its General Orders), we are aware of no publicly available document stating or even alluding to that referenced and recently abandoned "different procedure" for expedited cases. Although experienced in Ninth Circuit practice, we had no knowledge of that procedure.

Two, after this case was ordered to be expedited, see Dkt. No. 174 (February 12, 2014), it was assigned originally to a panel but *not* pursuant to that recently revealed "different procedure." On March 10, 2014, the Ninth Circuit entered a Notice of Docket Activity setting oral argument on Wednesday, April 9, 2014 at 9:00 a.m. in San Francisco's Courtroom 3. Subsequently, the clerk's office advised telephonically that the assignment to that panel was withdrawn because one of the three judges believed the time was too short to adequately prepare for oral argument. On March 31, 2014, with the posting of the panel assignments, we learned that the originally assigned panel consisted of Senior Judge Schroeder, Active Judge Callahan, and District Judge Pratt (from Iowa), meaning Judge Callahan was the presiding judge. Yet at that same sitting there were panels where the presiding judge was Judge Silverman and other panels where the presiding judge was Judge Tallman. Both Judges Silverman and Tallman are senior to Judge Callahan.

We ask that this letter be shared with the Ninth Circuit's other active judges.

                                Sincerely,
                                __s__

                                Monte Neil Stewart